**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Clemmer | ) | CASE NO. 1:06-cv-2654 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Key Bank, N.A. | ) | Memorandum Opinion and Order |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Plaintiff Michael Clemmer claims that Defendant Key Bank, N.A. ("Key") violated the

Electronic Funds Transfer Act ("EFTA") by providing an improper on-screen notification

regarding automatic teller machine ("ATM") fees.  Clemmer seeks damages under EFTA and

under a theory of unjust enrichment.  Both parties have moved for summary judgment.  For the

following reasons, Key's motion (Doc. 26) is GRANTED and Clemmer's motion (Doc. 24) is

DENIED.

**BACKGROUND**

EFTA generally requires that an ATM disclose to consumers at the time that a service is

provided: "(i) the fact that a fee is imposed by such operator for providing the service; and (ii)

1

the amount of any such fee." 11 U.S.C. § 1693b(d)(3)(A).  These notices must "appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction . . . ." 11 U.S.C. § 1693b(d)(3)(B)(ii).  EFTA also addresses on-machine notices.  11 U.S.C. § 1693b(d)(3)(B)(i).  This notice must include the "the fact that a fee is imposed by such operator for providing the service" but need not provide the amount of any such fee.  *Id*.  EFTA prohibits any ATM fees unless "the consumer receives such notice" and "the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice."  11 U.S.C. § 1693b(3)(C)(i)-(ii).

Michael Clemmer is a resident of South Milwaukee, Wisconsin, who sought to withdraw $20 from a Key ATM machine located in Rocky River, Ohio.  The parties do not dispute that the on-machine notice of the Key ATM was sufficient.  During the transaction the Key ATM displayed the following on-screen notice:

> This terminal may charge a fee of $2.00 for a cash withdrawal.  This charge is in addition to any fees that may be assessed by your financial institution.
>
> Do you wish to continue this transaction?
>
> If yes press to accept fee
> If no press to decline fee

Clemmer pressed the yes button, received his twenty dollars, and was charged a two dollar fee for using the Key ATM.  Key admits that this language is used in the on-screen notice of this ATM.  It explains that it does not charge a fee to all non-Key customers who use its ATMs.  For example, certain members of the military, customers from affiliated banks and customers conducting international transactions may not be charged the fee.

2

Clemmer believes that EFTA was violated in this transaction, and brings a civil action under Section 1693m of EFTA, which provides that a consumer may recover against a bank that violates Section 1693b "an amount equal to the sum of . . . any actual damage sustained by such consumer as a result of such failure . . . ."  15 U.S.C. § 1693m(a)(1).  EFTA also provides for statutory damages for both individual and class actions.  15 U.S.C. § 1693m(a)(2)-(3).  Clemmer also brings a claim for unjust enrichment.  Clemmer seeks summary judgment that EFTA was violated while Key seeks summary judgment on both of Clemmer's claims.

**STANDARD OF REVIEW**

In accordance with Federal Rule of Civil Procedure 56, summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. UAW Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the

3

> adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).  However, "[t]he nonmoving party must come forward with some significant probative evidence to support its claim.  If the nonmoving party fails to make a sufficient showing on an essential element, which it has the burden of proof, the moving party is entitled to summary judgment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Celotex*, 477 U.S. at 323-24).

## **DISCUSSION**

Clemmer's argument for EFTA liability may be stated succinctly as a claim that Key's ATM on-screen notice said "may" when it is required to say "will."  This argument relies in large part on the regulations that implement Section 1693b, 12 C.F.R. § 205.16, which provide as follows regarding notice to consumers in general:

> (b) General. An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
>> (1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
>>
>> (2) Disclose the amount of the fee.

12 C.F.R. § 205.16(b).  This language is essentially the same as 15 U.S.C. § 1693b(d)(3)(A) except that "a fee will be imposed" replaces "a fee is imposed."

4

The regulations further provide for specific notices to be provided "on the machine" and on a "screen or paper notice."  12 C.F.R. § 205.16(c).  As in the related statute, the on-screen notice must provide both of the notices from above—i.e., notice that a fee will be imposed and the amount of the fee.  12 C.F.R. § 205.16(c)(2).  Also similar to the related statute, the notice on the machine satisfies the rule by providing notice that a fee will be imposed.  12 C.F.R. § 205.16(c)(1)(i).  However, as Clemmer emphasizes, the notice on the machine also satisfies the regulations if it states that:

> A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice [that a fee will be imposed] in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services.

12 C.F.R. 205.16(c)(1)(ii).  From the fact that the regulations explicitly authorize "may" language for the on-machine notice, Clemmer argues that the omission of this language from the regulations regarding the on-screen notice effectively prohibits a "may" notice for the on-screen notice.  Clemmer posits that allowing the usage of "may" on the machine but not the on-screen notice makes sense, in that the notice on the machine must account for overall ATM usage while the on-screen notice can be transaction specific.  This understanding of a two-part disclosure scheme finds support in the official staff interpretation of the Federal Reserve Board:

> The final rule clarifies the two-part disclosure scheme established in Section 904(d)(3)(B) of EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct. Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the consumer before he or she is committed to the transaction whether, in fact, a fee will be imposed for the transaction and the amount of the fee. Thus, consumers who are charged a fee would not be adversely

5

affected by a general notice that a fee "may" be imposed because they will have the opportunity to terminate the transaction after receiving the on-screen notice or receipt containing the transaction-specific disclosure.

Final rule; official staff interpretation, Board of Governors of the Federal Reserve System, 39-40, *at* http://www.federalreserve.gov/BoardDocs/Press/bcreg/2005/20051230/attachment.pdf.

Key responds with a number of cases that have found the use of "may" to be appropriate for the on-machine notice. The district court case of *Morrissey v. Webster Bank, N.A.* analyzed the ATM notice provisions of EFTA in some detail. 417 F. Supp. 2d 183 (D. Mass. 2006). That court noted that while "the notice provision applies to an ATM operator who imposes a fee 'on any consumer', the statute requires that the notice actually be given only 'to such consumer . . . that a fee is imposed.'" *Id*. at 189. In other words, the statute only requires notice "to those consumers on whom the bank imposes a fee." *Id*. The *Morrissey* Court recognized that this was problematic with respect to the on-machine notice because of the "metaphysical fact that [it] is simply not possible until the consumer has proceeded to initiate the transaction" to tell whether a fee will be imposed on the consumer. *Id*. "Because a posted sign cannot appear and disappear of its own volition or morph itself into the appropriate notice, the statute cannot be read to require such wizardry." *Id*. The *Morrissey* court ultimately concluded that a "may" notice was appropriate for the on-machine notice, in part because a "will" notice would actually be inaccurate as users who were not charged a fee. *Id*. at 191. The plaintiff's notion that "will" was required for the on-machine notice was "ridiculous -- his claim bordering on the frivolous." *Id*. at 189. The *Morrissey* court's analysis was explicitly adopted in *Mohler v. Mfg's & Traders Trust Co.*, No. JFM-05-1070, 2006 U.S. Dist. LEXIS 13647, *2 (D. Md. Mar. 24, 2006).

Key argues that these decisions support the use of "may" in its warning. It points to the

6

Mullee Declaration which explains that a significant percentage of non-Key customers who use Key ATMs for cash withdrawals are not charged a fee, including 17.1% in the month that Clemmer used the machine and 18.9% from November 2005 through February 2007.  Thus, according to Key its "may" warning is accurate and appropriate.

Clemmer explains that the *Morrissey* case only approved "may" language for the on-machine notice, and did so by adopting the language and reasoning of the regulations promulgated by the Federal Reserve.  That reasoning, in turn, is based on a two-stage disclosure scheme in which "[t]he notice 'on the machine' should state that a fee 'may' be imposed while the notice 'on the screen' should appear only when a fee in fact is imposed."  *Morrissey*, 417 F. Supp. 2d at 190.  The "metaphysical" issues noted by the *Morrissey* court with respect to the on-machine notice are not presented for the on-screen notice "because if the consumer or transaction are of the type as to which no fee will be charged, once that information is known, the ATM simply will not display the on-screen notice."  *Id*. at 189.  In short, the *Morrissey* court fully adopted the two-stage disclosure scheme of the regulations.  *Id*. at 191.  Another district court has reached the same conclusion through wholesale adoption of the implementing regulations.  *See Brown v. Bank of Am., N..A.*, 457 F. Supp. 2d 82, 88 (D. Mass. 2006) (giving "significant deference to Regulation E's current substantive interpretation of EFTA which explicitly allows an ATM provider to utilize the verb 'may' for its on-machine decal.").

Although Clemmer's analysis of *Morrissey, Mohler, Brown* and the regulations as requiring something more than a mere "may" for the on-screen notice might be correct,[1] the

---

[1]  The Court notes that those courts addressed the on-screen notice in dicta.  The two-step approach advocated by the cases and regulations, in which a non-specific "may" notice is allowable for

Court need not address the issue here.  This is because the Key ATM on-screen notice at issue

here does not merely state that a fee "may" be imposed, but further requires a user to press "yes"

to "accept fee."  Whether under the language of the statute or the regulations, any user who

presses "yes" to "accept fee" has clearly been informed that "a fee is imposed" (15 U.S.C. §

1693b(d)(3)(A)) or that "a fee will be imposed" (12 C.F.R. § 205.16(b)).  This language is far

more specific than "KeyBank *charges* a $2.00 fee," which Plaintiff admits "would comply with

the EFTA."

      Clemmer nonetheless argues elsewhere in his brief that the Court cannot rely on the

interactive "accept fee" portion of the on-screen notice.  He notes that the statute requires both

---

the on-machine notice while a more transaction-specific notice is
required for the on-screen notice, arguably runs afoul of the
unambiguous language of EFTA.  *See Ohio Pub. Interest Research
Group, Inc. v. Whitman*, 386 F.3d 792, 795 (6th Cir. 2004) ("An
agency's interpretation of its governing statute that contravenes
Congress's unambiguously expressed intent is not entitled to
judicial deference."); *Brown*, 457 F. Supp. at 87 (acknowledging
that the Federal Reserve's interpretation must be "consistent with
the statute").  Specifically, the statute requires the same
substantive notice (by reference to 11 U.S.C. § 1693b(d)(3)(A)(i))
for both the on-screen notice and the on-machine notice.  11
U.S.C. § 1693b(d)(3)(B)(i)-(ii).  The only difference in the
statutory standard is that the on-screen notice must also display the
amount of the fee.  *Id*.  Accordingly, if a "may" notice is
acceptable for the on-machine notice under 11 U.S.C. §
1693b(d)(3)(A)(i), a good argument can be made that it is also
acceptable for the on-screen notice under the statute.  Conversely,
if a strict notice is required for the on-screen notice under 11
U.S.C. § 1693b(d)(3)(A)(i), there appears to be no statutory basis
for applying a lighter burden to the on-machine notice.  In any
event, the two-step approach, to the extent it could be read to
require a flawless transaction-specific notice on the on-screen
notice, arguably diverges so far from the statutory standard as to be
an impermissible reading of EFTA.

8

that "the consumer receives such notice" and "the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice."  11 U.S.C. § 1693b(3)(C)(i)-(ii).  Clemmer posits that the "accept fee" button fulfills the second half of the statutory command but cannot satisfy the first half.  The Court disagrees.  As other courts have noted, EFTA does not require any particular language.  *Morrissey*, 417 F. Supp. 2d at 189 (explaining that while one form of notice may be acceptable, "the Court disagrees that it is the only one"); *Brown*, 457 F. Supp. 2d at 89 (rejecting the "Plaintiffs' 'verb choice' claim").  Simply put, a user who continues and accepts a fee in the process knows that a fee will be imposed and has elected to continue the transaction.  Although the result might be different if the ATM screen at issue coupled "may" with an ambiguous statement such as press "yes" to "complete the transaction,"[2] the Court finds as a matter of law that "may" coupled with "yes" to "accept fee" satisfies EFTA.[3]

Clemmer's other claim is for unjust enrichment.  Key makes a number of arguments that it is also entitled to summary judgment on Clemmer's unjust enrichment claim: 1) Clemmer's

---

[2]    For example, in the case of *Mowry v. JP Morgan Chase Bank, N.A.*,, No. 06 C 4312, 2006 WL 2385296, *1 (N.D. Ill. Aug. 11, 2006), the court questioned whether "anyone who sees the 'may charge' notice, and who therefore asserts uncertainty as to whether he or she will in fact be charged a fee," but nonetheless "has an express option to proceed" and does proceed might have the decision to proceed "viewed as a self-inflicted wound of the type that has long been characterized in the law by the maxim 'volenti non fit injuria.'" The Court need not go so far in this case, as Clemmer did not merely proceed but expressly accepted the fee.

[3]    The Court acknowledges that it is allowing a notice that is overinclusive.  In the case of the Key ATM notice, nearly 20% of users who "accept fee" will not actually be charged a fee.  Individuals who are not charged by the Key ATM notice are not at issue in this case.

9

unjust enrichment claims is barred by the voluntary payment doctrine; 2) Clemmer's unjust enrichment claim fails because the transaction was governed by contract; 3) Clemmer's claim fails because the fee was not unjust; and 4) the unjust enrichment claim and demand for disgorgement is preempted by EFTA.  Clemmer responds with two arguments: 1) that an unjust enrichment claims is allowed because the parties' contract violates EFTA and is void and unenforceable; and 2) that EFTA permits state law claims that afford a consumer greater protection than that afforded by EFTA.

Because the Court has already held that Key is entitled to summary judgment that it did not violate EFTA, Clemmer's first argument must fail.  Clemmer admits that there is a contract, the Court holds that the contract does not violate EFTA, and Key is therefore correct that Clemmer cannot bring an unjust enrichment claim because the transaction is governed by a contract.[4]  *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 825 (6th Cir. 2006) (citing *All Occasion Limousine v. HMP Events*, 2004 Ohio 5116, 2004 WL 2803383, at *4 (Ohio Ct. App. 2004), *Rice v. Wheeling Dollar Sav. & Trust Co.*, 155 Ohio St. 391, 396-97 (1951)).  Moreover, the Court also agrees with Key that it is entitled to summary judgment on the basis that Clemmer cannot prove anything unjust in the transaction.  *Hiram College v. Courtad*, 162 Ohio App. 3d 642, 646 (2005) ("A successful claim for unjust enrichment requires the following elements: (1)

---

[4]    Indeed, Key would be entitled to summary judgment on the unjust enrichment claim even if the contract was void and unenforceable. This is because a party to an unenforceable contract cannot sue in unjust enrichment when the party has received the performance specified in the contract.  *See Martz v. PNC Bank, N.A.*, No. 06-1075, 2006 U.S. Dist. LEXIS 94474, *10-11 (W.D. Pa. Nov. 30, 2006) (applying the Restatement (Third) of Restitution and Unjust Enrichment § 32 to an unjust enrichment claim in an EFTA suit).

10

a benefit upon the defendant; (2) the defendant's knowledge of the benefit; and (3) where it would be unjust for the defendant to retain the benefit without payment.").  Clemmer is a relatively experienced ATM user who pressed "yes" to "accept fee" and received his twenty dollars.  There is nothing unjust about charging a $2.00 fee to a person who has accepted that fee.  Because Key is clearly entitled to summary judgment on the unjust enrichment claim for these reasons, it is not necessary to address Key's other arguments.

## CONCLUSION

For the foregoing reasons, the Court grants summary judgment in favor of Key.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  6/20/07

11